**NOT RECOMMENDED FOR PUBLICATION**
File Name: 11a0794n.06

No. 10-6025

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | |
| **v.** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| **KENNETH JOWERS,** | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |
| | ) | |

**FILED**

*Nov 28, 2011*

LEONARD GREEN, Clerk

**BEFORE:** **MERRITT, BOGGS, and CLAY, Circuit Judges.**

**MERRITT, Circuit Judge.** This is a very simple, one-issue sentencing appeal following a guilty plea to the crime under 18 U.S.C. § 922(g) of being a felon in <u>knowing and intentional possession of four guns</u>. Defendant received a 46-month sentence after receiving a two-level enhancement under Guideline § 2K2.1(b)(1) which says: "If the offense involved three or more firearms, increase as follows: (A) 3 to 7 add 2 [offense levels]." Although the defendant apparently did not explicitly make a "disparity" argument in the district court based on § 3553(a)(6), which requires consideration by the court of the "need to avoid unwarranted sentencing disparities," his only argument against this sentence on appeal is that the two-level enhancement constitutes an "unwarranted sentencing disparity." He does not explain by reference to case citation or other reference to how, when, or where defendants in a similar situation in other cases received a more

favorable sentence omitting the two-level enhancement. He makes no argument that would assist us in differentiating his specific situation from other specific situations, and so his argument based on "disparity" is not well taken. He pled guilty to knowingly possessing four firearms but says that he inherited two of the four from his father. He says that these two were negligently possessed, although he admits that he knew that he was in possession of these two, as well as the two he participated in purchasing. We find no error in the district court's sentence and give "due deference to the district court's application of the guidelines to the facts" as set out in 18 U.S.C. § 3742(e).

Accordingly, the judgment of the district court is affirmed.

**CLAY, Circuit Judge, concurring.** Although I concur in the result reached by the majority, I disagree with the assertion in the majority opinion that Defendant "makes no argument that would assist us in differentiating his specific situation from other specific situations, and so his argument based on 'disparity' is not well taken." I believe that Defendant does make such an argument.

Specifically, Defendant contends that the district court erred in refusing to grant him a downward variance, and without that variance, Defendant's sentence is substantively unreasonable. Defendant argues that the downward variance was warranted, because although he did possess four firearms in violation of 18 U.S.C. § 922(g), he possessed only two intentionally and possessed the other two negligently. The two firearms that were "intentionally" possessed were purchased by Defendant's mother, in his presence and with his assistance, after Defendant became a felon and was prohibited from involving himself with such transactions. The two firearms that were "negligently" possessed belonged to Defendant's father, were stored by Defendant's father in Defendant's bedroom, and were placed there before Defendant became a felon. After Defendant became a felon, his father passed away, and Defendant failed to remove his father's firearms from his bedroom. Although he "possessed" his father's two firearms within the meaning of § 922(g) because the firearms were located in his bedroom, he did not take any affirmative action to gain possession of them. Defendant contends that this distinguishes him from felons who intentionally seek out firearms for themselves after becoming a felon.

Defendant conceded that *mens rea* is immaterial for conviction under § 922(g) and that he "possessed" four firearms under the meaning of the statute. Defendant also conceded that possession of four firearms places him within the two-level sentencing enhancement of Sentencing Guideline

§ 2K2.1(b)(1)(A) for a felon in possession of three to seven firearms. However, Defendant sought a downward variance on the basis that he differentiates himself from felons who intentionally possess multiple firearms, because he did not intentionally possess two of the four firearms.

Although Defendant fully outlined his intentional/negligent possession argument in a way that could assist this Court in differentiating him from other offenders, Defendant's argument ultimately fails. His sentence was at the lowest end of the applicable Guidelines range. The district court did not base its decision on impermissible factors or fail to consider the 18 U.S.C. § 3553(a) sentencing factors, nor did it give the sentencing factors inappropriate weight. In fact, the court listened to Defendant's argument, asked questions of both counsel, and stated why it rejected the argument and refused to grant a downward variance. It was substantively reasonable for the district court to reject Defendant's intentional/negligent possession distinction on the merits. I would affirm on the basis that the district court fully considered Defendant's argument, and the sentence was reasonable.

I also note my disagreement with the majority opinion's emphasis on Defendant's failure to "explain by reference to case citation or other reference to how, when, or where defendants in a similar situation in other cases received a more favorable sentence omitting the two-level enhancement." Although Defendant did not cite to any cases where a defendant received a downward variance because he only "negligently" possessed firearms in violation of § 922(g), the failure to demonstrate the existence of similarly-situated defendants who were successful in other cases is not a bar to bringing such an argument. Indeed, if that were the case, no defendant could ever raise a new or novel argument in challenging his conviction or sentence.